UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHANCELLOR REI,

    Plaintiff,

   -v-       8:22-CV-193

EXPERIENCE OUTDOORS
LLC and OAK ROOM
ASSOCIATES LLC,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MORGAN & MORGAN NY PLLC<br>Attorneys for Plaintiff<br>350 Fifth Avenue, Suite 6705<br>New York, NY 10118 | GAMALIEL B. DELGADO, ESQ. |
| TADDEO, SHAHAN LAW FIRM<br>Attorneys for Defendants<br>120 East Washington Street, Suite 400<br>Syracuse, NY 13202 | STEVEN C. SHAHAN, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

On March 3, 2022, plaintiff Chancellor Rei ("Rei" or "plaintiff") filed this negligence action against defendants Experience Outdoors, LLC ("Experience") and Oak Room Associates, LLC ("Oak Room") (collectively "defendants"). Plaintiff's two-count complaint alleges that he suffered a serious leg injury at "Adventure Park" in Lake Placid, New York.

On August 5, 2022, defendants moved under 28 U.S.C. § 1404(a) to transfer this action to Supreme Court, Essex County. Dkt. No. 11. Although the deadline in which to do so expired on August 26, 2022, plaintiff failed to oppose or respond. *See id*. The motion will be considered on the basis of the available submissions without oral argument.

## II. **BACKGROUND**

Oak Room and Experience are two domestic corporations headquartered in Lake Placid, New York. Compl. ¶¶ 2–3. Together, they own and operate "Adventure Park." *Id*. ¶ 6. The Park provides "outdoor experiences" that include "[z]iplining, [h]iking, [o]bstacle [c]ourses, and other similar activities" that are "designed to give you the Adirondack experience of your dreams." *Id*. ¶¶ 6–7.

Rei is a resident of Massachusetts. Compl. ¶ 1. Plaintiff and his family planned a visit to defendants' Adventure Park. On August 5, 2021, plaintiff

- 2 -

completed and electronically signed an online registration form for the Park that included an assumption-of-risk document (the "Release"). The Release included a choice-of-forum clause under the "Assumption of Risk and Dangers" heading, which states in relevant part that:

> This agreement shall be governed by the laws of the State of new York, and any legal action relating to or arising out of this Participant Agreement, Waiver & Release Form shall be commenced exclusively in the Supreme Court of the State of New York in and for the County of Essex[.]

Ex. A to Walton Aff., Dkt. No. 11-7.

On August 9, 2021, Rei and his family visited the Park. Compl. ¶ 9. At about 11:30 a.m., plaintiff paid to ride the "Big Blue Zipline." *Id*. Park employees provided plaintiff with a helmet and harness, and "instructed him in the manner in which to ride the Zipline." *Id*. Plaintiff followed their instructions and wore the required safety gear. *Id*. ¶¶ 9–10.

Even so, Rei's right leg was severely fractured when it struck the ziplining platform. Compl. ¶ 10. Plaintiff's family looked on in "shock and horror" as their vacation came "to an abrupt, gruesome end." *Id*. Plaintiff was immediately transported to Adirondack Medical Center, where he received emergency surgery. *Id*. ¶ 11. According to plaintiff, defendants' negligence led to the incident. *Id*. ¶¶ 12–14.

## III. DISCUSSION

Defendants seek to enforce the forum-selection clause found in the Release, which expressly designates Supreme Court, Essex County as the proper forum. Defs.' Mem., Dkt. No. 11 at 3–8.[1] Plaintiff has not responded or opposed this motion.

As an initial matter, defendants' reliance on § 1404(a) to transfer this case to Supreme Court, Essex County is misplaced. Section 1404(a) is a venue transfer provision that, "by its very terms, speaks to federal courts." *Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953). As the Supreme Court has explained, "its limited purpose is to authorize, under certain circumstances, the transfer of a civil action from one federal forum to another federal forum in which the action 'might have been brought.'" *Pope*, 345 U.S. at 384. In other words, § 1404(a) does not empower a federal court to transfer venue of a case initially filed in federal court to a state court. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

Instead of § 1404(a), "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co.*, 571 U.S. at 60*; see also Gonzales v.*

---

[1] Pagination corresponds to CM/ECF.

*Agway Energy Servs., LLC*, 2019 WL 910669, at *2 (N.D.N.Y. Feb. 25, 2019) (D'Agostino J.) (concluding same).

Where, as here, a party has identified the wrong procedural mechanism for enforcing a forum-selection clause, trial courts may *sua sponte* consider the request as a motion to dismiss for *forum non conveniens*. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing a trial court's inherent authority to dismiss on grounds of *forum non conveniens*); *Jones v. Ponant USA LLC*, 2020 WL 3172778, at *1 (S.D.N.Y. June 15, 2020) (same).

A district court considering such a motion typically relies strictly on the pleadings and affidavits, but may also order limited discovery if deemed necessary. *Longo v. FlightSafety Int'l, Inc.*, 1 F. Supp. 3d 63, 67 (E.D.N.Y. 2014). However, "because the plaintiff risks losing its chosen forum by enforcement of the forum-selection clause, the plaintiff is entitled to have the facts viewed in the light most favorable to it, and no dispute fact should be resolved against that party" absent an evidentiary hearing. *Id.* (cleaned up).

"In order to prevail on a motion seeking enforcement of a forum-selection clause, the movant must demonstrate: (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause was mandatory and not merely permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause." *Longo*, 1 F.

Supp. 3d at 67 (quoting *Altvater Gessler–J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 89 (2d Cir. 2009)).

"If the movant satisfies these elements, the burden shifts to the party opposing enforcement to (4) rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Longo*, 1 F. Supp. 3d at 67–68 (quoting *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383–84 (2d Cir.2007)).

### 1. <u>Reasonably Communicated</u>

Defendants reasonably communicated the forum-selection clause to Rei in advance of his visit to the Park. The Release clearly and unambiguously states that the Supreme Court of the State of New York, Essex County shall have "exclusive jurisdiction" over any claim arising out of plaintiff's visit to the Park. Plaintiff electronically signed the Release just four days before visiting the Adventure Park with his family. Notably, the Release also cautions that, by signing the agreement, the reader is deemed to have read and understood its terms. In short, even viewed in the light most favorable to plaintiff, this first requirement has been satisfied.

### 2. <u>Mandatory</u>

The forum-selection clause in the Release is also mandatory. The Release states that any legal action "relating to or arising out of" the agreement "shall

be in New York State Supreme court in and for the County of Essex" and "shall be located in the state courts located in Essex County, New York." Courts within the Second Circuit have routinely held that forum-selection clauses with similar language are mandatory and exclusive. *See, e.g.*, *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 605 (E.D.N.Y. 2011) ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."). Thus, even viewed in the light most favorable to plaintiff, this second requirement has been satisfied.

### 3. Covers All Claims and Parties

The forum-selection clause also covers the claims and parties in this litigation. Rei is covered under this agreement because he was the one who signed it. And his claims; *i.e.*, that his leg injury was caused by defendants' negligence, are expressly addressed in the Release. The Release also cautions that the activities at the Park can be hazardous and dangerous and that the risks and dangers associated with use of the facilities included the negligence of others. Accordingly, this third requirement has been satisfied.

### 4. Insufficiently Rebutted

"Where, as here, a court finds a forum-selection clause to have satisfied the first three requirements, the clause is considered 'presumptively enforceable'" and the burden shifts to the non-movant to make 'a sufficiently

strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Gasland Petroleum, Inc. v. Firestream Worldwide, Inc.*, 2015 WL 2074501, at *7 (N.D.N.Y. May 4, 2015) (quoting *Magi XXI, Inc.*, 818 F. Supp. 2d at 610).

This is a "heavy burden" that may be carried by showing: (1) incorporation of the forum-selection clause was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement of the clause would contravene a strong public policy of the forum state; or (4) trial in the selected forum would be so difficult and inconvenient that the plaintiff would effectively be deprived of its day in court. *Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014).

Upon review of the above factors, defendants' submissions, and considering the unopposed nature of the motion, the presumption of enforceability has not been adequately rebutted. Accordingly, the clause is enforceable, and this case must be dismissed.

## V. **CONCLUSION**

"Forum selection clauses play a crucial role in ensuring predictability in contract formation." *Longo,* 1 F.Supp.3d at 71 (citations omitted). Rei is bound by the forum-selection clause clearly set forth in the Release he signed

before visiting the Adventure Park. Accordingly, this action must be dismissed.[2]

Therefore, it is

ORDERED that

1. Plaintiff's complaint is DISMISSED without prejudice.

The Clerk is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: September 19, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] Plaintiff is free to re-file this action in the appropriate forum.